NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LALI GABELAYA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-71816 16-74048 Agency No. A088-097-118 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 10, 2020
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,[**] District
Judge.

**1.** Lali Gabelaya petitions for review of the order of the Board of

Immigration Appeals (BIA) dismissing her appeal from an immigration judge's

decision denying her application for asylum. She argues that the immigration

judge's admission of three pieces of evidence rendered her removal proceedings

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

fundamentally unfair. We deny the petition.

Gabelaya first contends that the immigration judge should not have admitted evidence of Gasim Manafov's indictment because it lacked probative value as "a series of unproven allegations." But given that the government later supplemented the indictment with evidence of Manafov's conviction, we find no merit in Gabelaya's continued objection.

Gabelaya next contests the admission of Special Agent Van Wie's letter on the ground that she did not have an opportunity to cross-examine him. While asylum applicants "must have a reasonable opportunity to cross-examine witnesses," they "may not assert a cross-examination right to prevent the government from establishing uncontested facts." *Espinoza v. INS*, 45 F.3d 308, 311 (9th Cir. 1995) (internal quotation marks omitted). Because Gabelaya never contested the facts underlying Van Wie's letter, or the information contained within the letter's accompanying report, the government was not required to present Van Wie as a witness.

Gabelaya did, however, contest the reliability of Manafov's affidavit. As a result, the government was obligated to make "reasonable efforts" to present Manafov at the removal proceedings and afford Gabelaya an opportunity to cross-examine him. *See Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir. 2005). Even so, the immigration judge's admission of the affidavit does

not require us to grant Gabelaya's petition. Setting the affidavit aside, Van Wie's report and Gabelaya's own testimony provide substantial evidence to support the immigration judge's finding that Gabelaya filed a frivolous asylum application. *See id.* at 679, 681. The BIA did not err in affirming that determination.

**2.** Gabelaya also petitions for review of the BIA's order denying her motion to reopen. She contends that the BIA applied the incorrect legal standard and abused its discretion in determining that she had not met her burden of proof. We deny the petition.

The BIA applied the proper legal standard to assess Gabelaya's motion to reopen based on new evidence. Contrary to Gabelaya's assertion, the BIA did not require her to make a conclusive showing of eligibility for relief. Instead, the BIA correctly considered whether Gabelaya had demonstrated "a reasonable possibility" of satisfying the statutory requirements for withholding of removal and protection under the Convention Against Torture. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (citation omitted).

The BIA did not abuse its discretion in concluding that Gabelaya had not demonstrated a reasonable possibility of future persecution or torture. As the BIA explained in its opinion, Gabelaya's evidence of conditions in Belarus was highly generalized and did not relate to her "personal circumstances sufficiently to satisfy" the requirement of materiality. Gabelaya contends that the BIA did not

fully consider the evidence that she presented. But the BIA's reference to "political and social conditions, particularly for women in Belarus," and to Gabelaya's "past political activities [and] gender," indicates that it did consider both the general and individualized evidence that she submitted. The BIA's assessment of that evidence was not "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (internal quotation marks omitted).

Nor did the BIA abuse its discretion in denying Gabelaya's motion to reopen based on her ineffective assistance of counsel claim. In light of Gabelaya's fraudulent asylum application, the materials she presented to the BIA in her motion, and her apparent appreciation of the need to renew her fingerprints, the BIA reasonably concluded that Gabelaya had not offered any evidence establishing plausible grounds for relief. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (explaining that without a showing of plausible grounds for relief, a petitioner cannot demonstrate prejudice from her lawyer's alleged ineffective assistance).

**PETITIONS FOR REVIEW DENIED.**